# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ATOM J. SMITH,<br><br>                   Plaintiff,<br>v.<br><br>DODGE COUNTY HUMAN SERVICES, KELLY M. ENRIGHT, EVAN D. BERBE, SABRINA NEHR, KATIE GORDON, NICK HAFENSTEIN, KATHERINE HAFENSTEIN, SGT. STOCKS, HORICON POLICE DEPARTMENT, LISA L. GRYCOWSKI, RYLEE UMLAND, DCHS HEALTH DEPT. DIRECTORS, ASHLEY HARTMAN, JUDGE MARTIN J. DEVRIES, MICHAEL ROBERT DEVITT, DAVID KIANOVSKY, TIA WILLIAMS, WENDY MCGURK, SABRINA, and FOSTER PARENTS,<br><br>                   Defendants. | Case No. 25-CV-1428-JPS<br><br>**ORDER** |

      Plaintiff Atom J. Smith ("Plaintiff"), an inmate confined at Oshkosh Correctional Institution ("OSCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants Dodge County Human Services, Kelly M. Enright, Evan D. Berbe, Sabrina Nehr, Katie Gordon, Nick Hafenstein, Katherine Hafenstein, Sgt. Stocks, Horicon Police Department, Lisa L. Grycowski, Rylee Umland, DCHS Health Dept Directors, Ashley Hartman, Judge Martin J Devries, Michael Robert Devitt, Zev David Kianovsky, Tia Williams, Wendy McGurk, Sabrina, and Foster Parents ("Defendants") violated his constitutional rights. ECF No. 16. As explained below, the

Court will dismiss Plaintiff's case without prejudice for lack of subject matter jurisdiction. It will also deny as moot Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, as well as Plaintiff's motions to appoint counsel, ECF Nos. 13 and 17.

### 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

A party proceeding *pro se* may submit a request to proceed without prepaying the filing fee, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 2.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes *infra* Section 2 that Plaintiff fails to set forth claims within the Court's subject matter jurisdiction, the Court will deny his motion for leave to proceed without prepaying the filing fee as moot.

2. **SCREENING THE AMENDED COMPLAINT**

    2.1 **Screening Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on the defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject-matter jurisdiction, FED. R. CIV. P. 12(h).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir.

2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff is incarcerated at OSCI. ECF No. 16 at 1. He is suing the judge in his state paternity case, attorneys involved in his state paternity case, several private individuals including the mother of his child and her affiliates, and several other individuals and institutions associated with his state paternity case. *See generally id.*

The general tenor of the operative complaint is that Plaintiff has been wronged in connection with access to his son,[1] and that Defendants have in

---

[1] Plaintiff gives his son's first name in both the initial and operative complaints. Because minors' names should generally be redacted to initials in

various ways contributed to their ongoing separation. *See generally id.* From the allegations provided, it is difficult to know precisely what has happened, but it is clear that Plaintiff is generally unhappy with the treatment he has received from Defendants in a family-law dispute involving custody of his son. Plaintiff's allegations appear to relate to a closed state court case. *See State of Wisconsin Child Support v. Atom J. Smith*, Dodge Cnty. Cir. Ct. Case No. 2021FA000028, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021FA000028&countyNo=14&index=0 (last visited Nov. 18, 2025) (hereinafter the "State Case").[2] The precise scope of Plaintiff's claims is not helpfully clarified by the "relief wanted" portion either; he notes that he seeks a bar on "further legal actions concerning [his] son by [D]efendants," in addition to other family law-related remedies and monetary damages. ECF No. 16 at 4.

This is not the first time Plaintiff has advanced these concerns. In March 2025, he filed an extremely similar case. *See Atom J. Smith v. Sabrina Nehr et al.*, 25-CV-451, ECF Nos. 1, 22, 25 (E.D. Wis. Mar. 26, Apr. 28, and May 22, 2025).

### 2.3 Analysis

For several reasons, the Court finds that Plaintiff's operative complaint cannot proceed. The final two reasons are most dispositive, though the first two are offered for clarity's sake.

First, several of the Defendants—including Sabrina Nehr, Rylee Umland, Michael Robert Devitt, Zev David Kianovsky, and Tia Williams—

---

court filings, and to protect Plaintiff's son's identity, the Court will direct the Clerk of Court to place the initial and operative complaints under case participant-only restriction. *See* FED. R. CIV. P. 5.2(a); GEN. L.R. 79(d).

[2] The district court may take judicial notice of "public court documents" including state court dockets. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

are private persons, not "state actors," and are therefore likely not subject to suit under § 1983. The operative complaint "does not plausibly suggest that a state actor engaged in any joint activity or conspiracy with these defendants." *Huiras v. Cafferty*, No. 23-1385, 2023 WL 6566492, at *2 (7th Cir. Oct. 10, 2023) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)). Even if Plaintiff could cure this deficiency by amending his complaint again, the Court will not grant leave to amend because the operative complaint is subject to dismissal for other reasons stated below.

Second, to the extent Plaintiff seeks to pursue relief against state court Judge Martin J. Devries in his official capacity, Judge Devries has absolute immunity. *Rehberg v. Paul*, 566 U.S. 356, 363 (2012) (noting that no claim under 1983 may proceed as to "actions taken by judges within the legitimate scope of judicial authority" (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967))). Indeed, "absolute judicial immunity applies to [Plaintiff's] constitutional claims against the state judge,… [as] Wisconsin's circuit courts are constitutionally vested with the state's judicial power." *Huiras*, 2023 WL 6566492, at *2 (citing WIS. CONST. art. 7 §§ 2, 8); *see also Ferguson v. Graham*, No. 4:12-CV-35, 2012 WL 2202934, at *2 (N.D. Ind. June 14, 2012) ("[Plaintiff] cannot sue a state court judge for the decisions she issued because a judge is entitled to absolute immunity for judicial acts performed in matters within her jurisdiction." (citing *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005))). Instead, the appellate process is usually the remedy for such judicial official's actions. *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing Randolph J. Block, Stump v. Sparkman *and the History of Judicial Immunity*, 925 DUKE L.J. 879 (1980)). Accordingly, even if Plaintiff could state a claim against Judge Devries, he would likely be immune from suit.

Third, each of the issues raised by Plaintiff "represents a challenge to the proceedings in state court," and pursuant to the *Rooker-Feldman*

Page 6 of 11
Case 2:25-cv-01428-JPS    Filed 11/18/25    Page 6 of 11    Document 18

doctrine, federal district courts lack jurisdiction to entertain appeals of the decisions of state courts; this is true even if the issues could amount to constitutional violations. *O'Grady v. Marathon Cnty. Child Support Agency*, No. 03-C-700-C, 2004 WL 257104, at *1 (W.D. Wis. Feb. 3, 2004) ("Indeed, *Rooker[-]Feldman* bars a federal court from entertaining not only claims actually reviewed in state court but also other claims, including constitutional claims, that are 'inextricably intertwined' with the claims heard by the state court." (quoting *Leaf v. Sup. Ct. of Wis.*, 979 F.2d 589, 598 (7th Cir. 1992))). Under the *Rooker-Feldman* doctrine, "a litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under § 1983." *Id.* (citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)); *see also Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994) (*per curiam*), *cert. denied*, 513 U.S. 1150 (1995) ("[Plaintiff] 'may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" (quoting *Ritter*, 992 F.2d at 754). Despite his wide-ranging allegations, Plaintiff's "real quarrel" is with the Wisconsin family law court's conclusions regarding his paternity and rights regarding his son, ECF No. 16 at 6–7, 10–13, 17–24, and this Court is not the proper tribunal in which to litigate such issues. *Sundquist v. Hultquist*, No. 1:20-CV-275-HAB, 2020 WL 5017213, at *3 (N.D. Ind. Aug. 25, 2020) ("Despite all his allegations of bribery, mail fraud, and perjury, Plaintiff's real quarrel is with the Indiana family law court's custody and visitation order.").

Fourth, and most significantly, this Court lacks subject matter jurisdiction altogether in this case as a result of the domestic-relations exception to federal jurisdiction. This exception, applicable to "both federal-question and diversity suits," *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (citations omitted), mandates that federal courts "avoid deciding cases involving 'divorce, alimony, and child custody decrees.'" *Huiras*, 2023

WL 6566492, at *2 (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)); *see also Flores v. Dane County*, No. 23-CV-185-JDP, 2023 WL 3950109, at *1 (W.D. Wis. June 12, 2023) ("[U]nder the 'domestic relations exception' to diversity jurisdiction, federal courts generally may not hear state-law claims that interfere with matters of divorce, custody, or child support."); *Longenbaugh v. Mack*, No. 1:25-CV-01765-SEB-TAB, 2025 WL 2841800, at *3 (S.D. Ind. Oct. 7, 2025) ("Here, [Plaintiff's] Complaint falls squarely within the domestic-relations exception…by challenging state actors' alleged interference with her parental rights.") (citing *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021); *Keith v. Wisconsin Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022)). The exception is implicated even where a plaintiff alleges constitutional violations during family law proceedings. *Sutherland v. Cook County*, No. 25-CV-1163, 2025 WL 1294668, at *3 (N.D. Ill. May 5, 2025) ("Because plaintiff's claims of constitutional violations during his parentage and child support proceedings would encroach on the state court's application of family law[,] the Court lacks jurisdiction over such claims." (citation and internal quotation marks omitted)).

Although Plaintiff insists that he is pursuing a range of "constitutional claims," ECF No. 16 at 18, his claim clearly "encroaches on the state court's application of family law, thus implicating the exception." *Huiras*, 2023 WL 6566492, *2 (citing *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007)). While he has made various allegations and requested various forms of relief, when viewed together, the gravamen here is that Plaintiff seeks to have the Court interfere in his child custody proceedings. Based on the domestic-relations exception, there is no federal jurisdiction for this Court to do so. Indeed, if Plaintiff wishes to contest the State's "handling of his [child's] custody, his remedy is to appeal within the state court system, not to raise a new collateral attack in federal court." *Vidal*

*v. Wisconsin*, No. 21-cv-0069-BHL, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022).

While the Court will dismiss this case, the dismissal will be without prejudice, as "[d]ismissals on jurisdictional grounds are without prejudice to allow a plaintiff to raise the claims in the proper tribunal." *Huiras*, 2023 WL 6566492, at *3 (citing *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022)).

### 3. IMPROPER JOINDER

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2)." (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011))). Here, even if the jurisdictional issues could be resolved, the operative complaint appears to suffer from the defect of improper joinder. The allegations here span a period of at least four years, calling into question whether the claims arise from the same set of events. While the Court has discretion to sever allegations, *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985), the Court will not do so here as it has insufficient information to properly do so. Plaintiff has not presented sufficient detail to permit the Court to discern precisely when any constitutional or other violations may have occurred; such information is needed to discern if the alleged events were part of the same transaction or occurrence, and thus, whether all Defendants are

properly joined in the same action. In any event, as the case is otherwise subject to dismissal, the Court will examine this issue no further.

### 4. CONCLUSION

Without subject matter jurisdiction, this Court cannot hear Plaintiff's case. The action must, therefore, be dismissed without prejudice. District courts normally should not sua sponte dismiss a complaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend, unless the jurisdictional defect is "incurable." *George v. Islamic Republic of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003) (citing *Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001)). Here, the defect is irredeemable; no amendment of Plaintiff's claims, short of raising entirely different allegations, could create a basis for the Court's subject matter jurisdiction. Thus, the only option in this instance is dismissal.

Because the case will be dismissed, Plaintiff's pending motion for leave to proceed without prepaying the filing fee and motions to appoint counsel will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff Atom J. Smith's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel, ECF Nos. 13 and 17, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall **RESTRICT** Plaintiff's initial complaint, ECF No. 1, and Plaintiff's amended complaint, ECF No. 16, to case participant only status; and

**IT IS FURTHER ORDERED** that this case be and same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Page 10 of 11
Case 2:25-cv-01428-JPS    Filed 11/18/25    Page 10 of 11    Document 18

Dated at Milwaukee, Wisconsin, this 18th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.