ATOM J. SMITH,

           Plaintiff,

v.

DODGE COUNTY HUMAN
SERVICES, KELLY M. ENRIGHT,
EVAN D. BERBE, SABRINA NEHR,
KATIE GORDON, NICK
HAFENSTEIN, KATHERINE
HAFENSTEIN, SGT. STOCKS,
HORICON POLICE DEPARTMENT,
LISA L. GRYCOWSKI, RYLEE
UMLAND, DCHS HEALTH DEPT.
DIRECTORS, ASHLEY HARTMAN,
JUDGE MARTIN J. DEVRIES,
MICHAEL ROBERT DEVITT, DAVID
KIANOVSKY, TIA WILLIAMS,
WENDY MCGURK, SABRINA, and
FOSTER PARENTS,

           Defendants.

Case No. 25-CV-1428-JPS

**ORDER**

Before the Court is pro se Plaintiff Atom J. Smith's ("Plaintiff") first and second motions to reconsider the Court's dismissal of his complaint for lack of subject matter jurisdiction, ECF Nos. 20 and 21, and his renewed motion to appoint counsel, ECF No. 22, which the Court previously denied as moot, ECF No. 18 at 10. For the reasons discussed herein, the Court will deny each of these motions.

Motions for reconsideration are, as a general matter, granted only in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d

1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). They are appropriate in very few contexts, such as where the Court has "patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (quoting same). Such motions may also serve to correct "manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)), *opinion amended on denial of reh'g sub nom. Rosenthal & Co. v. Rothwell Cotton Co.*, 835 F.2d 710 (7th Cir. 1987). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993), and *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986)).

The Court dismissed Plaintiff's Amended Complaint on several bases. First, it reasoned that several of the individual defendants were not state actors, such that they could not be sued under § 1983. ECF No. 18 at 5–6. Next, it explained that any claim against defendant Judge Martin J. Devries in his official capacity for damages pursuant to § 1983 could not proceed because he is absolutely immune to such claims. *Id.* at 6 (citing *Rehberg v. Paul*, 566 U.S. 356, 363 (2012)). Third, the Court held that the *Rooker-Feldman* doctrine precluded the Court from hearing what appeared to be a request to review the outcome of various state court proceedings. *Id.*

at 6–7 (citing *O'Grady v. Marathon Cnty. Child Support Agency*, No. 03-C-700-C, 2004 WL 257104, at *1 (W.D. Wis. Feb. 3, 2004) and *Wright v. Tackett*, 39 F.3d 155, 158 (7th Cir. 1994) (per curiam), *cert. denied*, 513 U.S. 1150 (1995)). Lastly, and most importantly, the Court held that regardless of the other reasons, the action was barred in any instance because the "Court lack[ed] subject matter jurisdiction altogether . . . as a result of the domestic-relations exception to federal jurisdiction." *Id.* at 7. The Court explained that it has no jurisdiction to hear any case that would interfere with the state matters of divorce, custody, or child support.[1] *Id.* at 7–9.

Plaintiff's motions for reconsideration appear to address several of the Court's bases for dismissal,[2] but fatally, the motions still make clear that Plaintiff is seeking relief related to custody and child support proceedings. ECF No. 20 at 1 (referencing a "closed Paternity/child support case"); *id.* (providing a case number for a termination of parental rights case); *id.* (discussing "his rights [being] taken away," presumably related to his son); *id.* (mentioning that "[t]here is no appeal for [p]aternity and [c]hild support [rulings]"); ECF No. 21 at 1 (asserting that Plaintiff is owed damages as a

---

[1]The Court also questioned whether Plaintiff's claims were improperly joined. ECF No. 18 at 9. Plaintiff's first motion for reconsideration asks for "permission . . . to file separate suits [against] the defendants." ECF No. 20 at 1. Because the case is still subject to dismissal, as the Court noted in its original order, such relief would be moot.

[2]For example, Plaintiff seems to address the Court's concern about him attempting to sue private actors under § 1983 by listing several of the individual defendants, noting some of their employments, and stating that they "are all in fact 'state actors' in [D]odge [C]ounty." ECF No. 20 at 1. He asserts that there is no appeal available to him related to his paternity and child support proceedings, *id.* at 1, presumably in response to the Court's direction that "if [he] wishes to contest the State's handling of his child's custody, his remedy is to appeal within the state court system." ECF No. 18 at 8 (internal quotation marks, bracketing, and citation omitted). He also states in conclusory fashion that he is not "seeking a reversal [of] a state court judgment." ECF No. 20 at 1–2.

"consequence[]" for proceedings that removed his son from his custody and "for years of anxiety and anguish that [he] suffered as a result of not being immediately told where [his son] was being sequestered"); *id.* (referencing a "father's federal constitution[al] claims"). Accordingly, the Court remains convinced that the domestic-relation exception applies to this action, and the Court therefore lacks subject matter jurisdiction. The Court is sympathetic to Plaintiff's perceived frustration with his various proceedings in state court, but that does not change its lack of jurisdiction; Plaintiff must seek relief in the proper venues.

In addition to moving to reconsider, Plaintiff again moves the Court to appoint counsel on his behalf. Because the Court has found no basis to alter its earlier order dismissing this case without prejudice for lack of subject matter jurisdiction, Plaintiff's renewed motion to appoint counsel is moot and will therefore be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff Atom J. Smith's motions for reconsideration, ECF Nos. 20 and 21, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Atom J. Smith's renewed motion to appoint counsel, ECF No. 22, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge